By the Court,

Nelson, Ch. J.
By section 19 of the act respecting the powers, obligations, &c. of trustees, (1 R. S. 800, 2d ed.) it is provided, that if any controversy shall arise between the trustees and any other person, in the settlement of any demands against such debtor, (non-resi *223 dent debtor, &c.) or of debts due to his estate, the same may be referred to three indifferent persons by the mutual agreement of the parties. By § 20, if such referees be not selected by agreement, the trustees may give ten days notice of an application to the officer who appointed them, &c. for an appointment, specifying the time and place: And by the subsequent sections, (§ 21, 22, 23, 24,) a compulsory appointment may be made, and a rule entered on certificate of the officer by the clerk of the supreme court—and the referees so appointed shall have the same powers, and be subject to the like duties and obligations, and shall receive the same compensation as referees appointed by the supreme court in personal actions.
The question here is, whether the subject in controversy is a debt due to the estate of the non-resident debtor, within the meaning of § 19 of the above statute.
The language of the old act, from which this provision was taken, is broader than that used here. The 16th section of the old act (1 R. L. 1813, p. 161,) provided, that in case of any controversy arising respecting any claim of a creditor, or concerning any debt or demand claimed by the trustees, &c. referees might be appointed in the mode pointed out by the section.
It would seem from this change of phraseology in the new provision, that the legislature intended to confine the power of a compulsory appointment to narrower limits than •formerly existed under the old law; for it is clear that the term “ demand ” is of much broader import than “ debt,” and would embrace rights of action belonging to the debt- or beyond those which could appropriately be called debts. In this respect, the term demand is one of very extensive import—among the most so indeed of any that are known to the law.
The ordinary and legal acceptation of the term, “ debt,” imports a sum of money arising upon a contract express or implied; (3 Black. Comm. 154;) and from the connection in Avhich it is found in the statute under consideration, I *224 think was so intended to be used by the law makers.
The whole article of the statute relates to the powers, duties, &c. of the trustees in managing, collecting, and converting all the assets of the estate into money for the purpose of distribution among the creditors. By § 3 “ the debts and property of the estate may be collected,” See. By § 7, “ the trustees may sue and recover, See. all the estate, debts and things in action belonging or due to the debtor, See., and no set-off shall be allowed, &c. for any debt, unless it was owing to such creditor before publication.” By § 8, all persons indebted to the estate shall, by a day specified, “ render an account of all debts and sums of money owing by them,” See., and all persons “ having in their possession any property or effects of such debtor shall deliver the same,” &c. By § 10, the trustees may “ sue for and recover any property or effects of the debtor, or any debts due to him, at any time before the day appointed for the delivery or payment thereof.” By § 11, “ Every person indebted, &c. or having the possession or custody of any property or thing in action, Sec. who shall conceal the same, Sec. shall forfeit double the amount of such debt, or double the value of such property.”
Then comes the provision in question—§ 19 : “ If any controversy shall arise, Sec. in the settlement of any demands against such debtor, or of debts due to his estate, the same may be referred,” Sec.; which, in connection with the previous sections, and the distinction there kept up throughout between debts due the estate, and other assets consisting of property and rights resting in action, I think fairly indicate that the legislature had regard to. the same distinction, when using the like form of expression in respect to this summary mode of adjustment of the controversy. 11
This view also harmonizes somewhat with the statute authorizing the reference" of causes by the courts in which they are pending—a statute which has been long in use, and to which § 24"of the statute in question refers for the mode of conducting the proceedings after the entry of the rule appointing the referees.
*225 We may add, that the act is in derogation of the common law, and should not be enlarged by indulging in a liberal construction.
If we are correct in our conclusion, the controversy in question is certainly not a debt, within the meaning of the act; nor in the ordinary legal acceptation of that term as understood in the books. The claim is but a right or title to a certain species of property—stock in an incorporated company. It is no more a pecuniary demand against the defendants, resting in contract express or implied, than a valuable picture, or heirloom, to which title had been shewn. It is true, from the intangible nature of the thing, neither trespass nor trover can be brought, the appropriate remedy for a refusal to transfer being a special action on the case; and even assumpsit may be sustained founded upon the duty arising out of the obligation to make the transfer, and the peculiar character of this species of property.
No judgment can therefore be rendered in favor of the trustees, and the motion to set aside the report must be granted.
Ordered accordingly.